PT:NS/SK/BDM
F.#2017R00745

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 2 7 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

RICHARD LAI,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

17 CR 224 (PKC)

WHEREAS, on or about April 27, 2017, RICHARD LAI (the "defendant"),

entered a plea of guilty to Counts One and Two of the above-captioned Information, charging

violations of 18 U.S.C. § 1349;

WHEREAS, the defendant acknowledges that money and property is subject to

forfeiture as a result of his violations of 18 U.S.C. § 1349, as alleged in the Information; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the

defendant consents to the forfeiture of $870,000 plus the amount of criminal proceeds deposited

into the Hang Seng Bank Limited account referenced in his agreement with the government, to

the extent that such amount can be determined (the "Forfeiture Money Judgment"), which

represents the amount of bribes the defendant received in connection with the 2011 vote for

FIFA president, together with the total amount of payments the defendant received from

individuals affiliated with the Olympic Council of Asia in connection with the payment of bribes

and/or kickbacks to soccer officials of the AFC and its constituent national soccer federations, as

property, real or personal, which constitutes or is derived from proceeds traceable to the

defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.     The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.     The defendant shall pay the sum of two hundred thousand dollars and zero cents ($200,000.00) towards the Forfeiture Money Judgment within fourteen (14) days of the date of his agreement with the government (the "Initial Due Date"), and shall pay the remainder of the Forfeiture Money Judgment in full within twelve (12) months of the date of his agreement with the government (the "Second Due Date" and, together with the Initial Due Date, the "Applicable Due Date").   All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks.

3.     If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2).   If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the

defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

4. The defendant acknowledges that all funds paid by the defendant towards the Forfeiture Money Judgment shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or his or her designee of all funds paid by the defendant towards the Forfeiture Money Judgment, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. § 853(i) and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or his or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

5. The defendant acknowledges that the United States Attorney's Office, at its sole discretion, may seek to forfeit any funds paid towards the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money

Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

6.     Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

7.     The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title of any substitute assets to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

8.     The failure of the defendant to forfeit any monies and/or properties as required hereunder, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

9.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his

right, if any, to a jury trial on the forfeiture of said monies, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

10.     The defendant agrees that the entry or payment of the Forfeiture Money Judgment is not to be considered a fine or a payment on any income taxes or civil penalties that may be due.

11.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order is hereby made final as to the defendant.   This Order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2), and shall be made part of the sentence and included in the judgment.

12.     This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13.     This Order shall be final and binding only upon the Court's "so ordering" of the Order.

14.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15.     The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's

Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
April 26 , 2017

s/PKC
_____
HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK